# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN R. CUTTS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:09CV993 CDP |
| CITY OF NORMANDY, MISSOURI, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of John Cutts for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to

state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983.  Named as defendant is the City of Normandy, Missouri.  The complaint seeks monetary and injunctive relief.

Plaintiff alleges that on June 18, 2009, he was driving through the City of Normandy when he was pulled over by a Normandy police officer named Porzel.  Plaintiff claims that his car was new and that he did not have his insurance card with him.  Plaintiff says that Officer Porzel arrested him for driving recklessly and for not being insured.  Plaintiff was later released and given four tickets.  Plaintiff's car was impounded.

**Discussion**

The complaint fails to state a claim under § 1983 because the allegations do not rise to the level of a constitutional violation.

Additionally, to state a claim against a municipality, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of Normandy was responsible for the alleged violations of plaintiff's rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of July, 2009.

                                              CATHERINE D. PERRY
                                              UNITED STATES DISTRICT JUDGE